119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Edward EHMAN, Defendant-Appellant.
 No. 96-30286.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1997.**
Filed July 17, 1997.
 
 Before: REAVLEY, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ehman appeals from the judgment of conviction entered against him on August 30, 1996. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Ehman first contends that the district court erred in denying his motion to dismiss the Indictment for violation of his due process rights. Ehman argues that he was denied due process because the judicial decision that criminalized his conduct came down after he began engaging in that conduct. We disagree. Ehman pleaded guilty to possessing a firearm on June 25, 1995, in violation of 18 U.S.C. § 922(g)(1). The decision that he claims criminalized his conduct, Beecham v. United States, 114 S.Ct. 1669 (1994), was decided in May 1994. His due process claim therefore lacks merit.
 
 
 4
 Ehman next contends that the district court erred in denying him the right to cross-examine the government's two witnesses, as well as refusing to allow expert testimony and failing to give proper jury instructions. Ehman sought to question his probation officer regarding his knowledge of United States v. Geyler, 932 F.2d 1330 (9th Cir.1991), to show bias.
 
 
 5
 In limiting cross examination, "[t]he trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witnesses." United States v. Manning, 56 F.3d 1188, 1197 (9th Cir.1995).
 
 
 6
 Here, the jury heard both government witnesses admit that they knew of the law in Geyler. Ehman's probation officer testified that he knew of Geyler, but that he advised Ehman he may not possess firearms. The Alcohol, Tobacco and Firearms Commission agent testified that he also knew of Geyler but that he advised Ehman's probation officer to tell him that he may not possess firearms. We conclude, from the evidence presented, that the jury received sufficient information to appraise the biases and motivations of the witnesses.
 
 
 7
 As the claims of improper prohibition of expert testimony and failure to instruct the jury on Ehman's proffered defense are contingent upon the cross-examination claim, these claims lack merit as well.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed. R.App. P. 34(a); Ninth Circuit R. 34-4(c)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3